UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case No.  CV 15-3502 FMO (AJW)                                  Date: February 17, 2016

**Title: Mario Amador Gonzalez v. Warden Soto, et al.**
=================================================
PRESENT:                    HON.   **ANDREW J. WISTRICH**, MAGISTRATE JUDGE

    Ysela Benavides
    Deputy Clerk                         Court Reporter
ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
    None Present                                    None Present

**Order to Show Cause re Service of Summons and Complaint**

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint forma pauperis ("IFP") on May 11, 2015. An order and an amended order for service of process by the United States Marshal ("USM") were filed on May 19, 2015 and July 23, 2015, respectively.  According to the court's internal records, service packets containing USM Form 285"Process Receipt and Return" forms and original summonses were mailed to plaintiff on or about May 21, 2015 and July 31, 2015.  The USM has advised the Court that it has no record of receiving any completed Process Receipt and Return forms from plaintiff.

A plaintiff proceeding pro se and IFP "is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4.  <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir.1990).  "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause'" for extension of the period for serving the summons and complaint under Rule 4(m). <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir.1994) (quoting <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir.1990)), <u>abrogated in part on other grounds</u>, <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)).

If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal is appropriate. See <u>Walker</u>, 14 F.3d at 1421-1422 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); <u>Puett</u>, 912 F.2d at 276 (vacating and remanding for proper service by the U.S. Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

Plaintiff is directed to show cause, if any there be, for failing to complete and return service of process forms and why this action should not be dismissed under Rule 4(m).  **Plaintiff may show cause by filing a declaration under penalty of perjury, with supporting exhibits if needed, within twenty-one (21) days of the date of this order.  Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of this action.**

**IT IS SO ORDERED.**
cc:     Parties